UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LYNDA J. MEAD, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. C10-0082-RSM |
| | ) | CR08-137-RSM) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Lynda Mead is a federal prisoner who is currently incarcerated at the Federal Detention Center at SeaTac, Washington. She has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed upon her following her 2009 conviction on a charge of willful failure to pay over tax to the Internal Revenue Service. The government has filed a response to petitioner's §2255 motion in which it argues that all of petitioner's claims fail and that petitioner's motion should therefore be denied. After careful consideration of petitioner's motion, the government's response thereto, and the balance of the record, this Court concludes that petitioner's §2255 motion should be denied.

FACTS

On April 24, 2008, a grand jury returned an indictment charging petitioner with eight counts of willful failure to pay over taxes to the Internal Revenue Service in violation of 26 U.S.C. § 7202. (CR08-137-RSM, Dkt. No. 1.) Petitioner was arrested on May 5, 2008, and was arraigned on the same date in a hearing before the Honorable James P. Donohue, United States Magistrate Judge. (*See id*., Dkt. No. 5.) On May 7, 2008, Judge Donohue held a detention hearing and released petitioner on conditions including that she comply with the Location Monitoring Program and that she not gamble. (*See* Dkt. No. 6, Ex. A. *See also*, CR08-137-RSM, Dkt. No. 11.)

On September 30, 2008, petitioner entered a guilty plea to Count 6 of the indictment and sentencing was set for January 2009. (*See* CR08-137-RSM, Dkt. No. 16.) Petitioner was subsequently arrested on allegations that she had violated conditions of her bond by participating in on-line gambling and by failing to turn over financial documents to Pretrial Services. (*See id*., Dkt. Nos. 23 and 29.) On October 30, 2008, Judge Donohue held an evidentiary hearing with respect to those allegations and found that petitioner had, in fact, violated the conditions of her bond. (*Id*., Dkt. No. 29.) Judge Donohue therefore revoked petitioner's bond and ordered her detained pending sentencing. (*Id*.)

Prior to sentencing, a United States Probation Officer prepared a presentence report ("PSR") for the Court. (*See* Dkt. No. 6, Ex. B.) Included in that report was the probation officer's computation of petitioner's offense level, as well as detailed descriptions of the offense and of petitioner's personal, professional, financial, and criminal history. (*See id*.) The probation officer calculated a total offense level for petitioner of 17, and a criminal history

category of II, which resulted in a guideline range of 27 to 33 months. (*See* Dkt. No. 6, Ex. B.) The probation officer recommended a sentence of 27 months imprisonment. After receiving a copy of the PSR, petitioner's counsel directed a letter to the probation officer who prepared the report offering clarification with respect to two of the paragraphs contained within the draft report. (*See id.*, Objections.)

On January 16, 2009, petitioner's counsel filed a sentencing memorandum in which he argued that a sentence below the advisory guideline range was warranted, and requested that the court vary downward and impose a sentence of 18 months in custody. (CR08-137-RSM, Dkt. No. 30.) The government filed its sentencing memorandum on the same date and argued therein that a sentence of 33 months, the top end of the guideline range, was appropriate. (*See id.*, Dkt. No. 31.)

On January 23, 2009, petitioner appeared before the Honorable Ricardo S. Martinez, United States District Judge, for sentencing. (*See id.*, Dkt. No. 34.) Judge Martinez made guideline calculations consistent with those set forth in the presentence report and imposed a sentence of 33 months in custody, three years of supervised release, and restitution of $537,222.96. (*See* Dkt. No. 6, Ex. E at 20-25.) Before imposing a sentence at the top end of the advisory guideline range, Judge Martinez noted that he had strongly considered a variance upward. (*See id.*, Ex. E at 21-25.) He explained, however, that after listening to the presentations of counsel, and reviewing all of the materials, he was "backing off imposing a variance." (*Id.*, Ex. E at 25.) Judge Martinez denied a request by petitioner's counsel that she be permitted to self-report to begin serving her sentence. (*See id.*, Ex. E at 26.)

Petitioner did not file a direct appeal. On January 12, 2010, the Court received

petitioner's § 2255 motion for filing. Petitioner's motion was timely filed and this matter is now ripe for review.

DISCUSSION

Petitioner asserts in her § 2255 motion that counsel appointed to represent her in her federal criminal proceedings, Jay Stansell, failed to provide effective assistance. (*See* Dkt. No. 1.) Petitioner identifies the following five deficiencies in counsel's representation: (1) he failed to object to the restitution amount; (2) he failed to appeal the October 30, 2008 detention order; (3) he failed to request a downward departure at sentencing; (4) he failed to request credit towards petitioner's sentence for time she spent on GPS monitoring pretrial; and, (5) he failed to correct an alleged error in the presentence report regarding the amount of time actually spent in custody on one of three prior first degree theft convictions.

Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This right applies at trial and at sentencing. *United States v. Lewis*, 880 F.2d 243, 246 (9th Cir. 1989)(citing *Jones v. United States*, 783 F.2d 1477, 1482 (9th Cir. 1986)). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 688, 691-92.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel's

performance fell within the wide range of reasonably effective assistance. *Id*. The Ninth Circuit has made clear that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. *Strickland*, 466 U.S. at 693. The petitioner must demonstrate that it is reasonably probable that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component. *Id*. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id*.

***1. Failure to Challenge Restitution Amount***

Petitioner asserts in her first ground for relief that counsel rendered ineffective assistance when he failed to challenge the amount of restitution imposed by the court at sentencing. Petitioner contends that the probation officer who prepared the PSR incorrectly calculated petitioner's restitution amount as $537,222.96, and that when she advised her attorney of the error he told her that she "could always come back to court and get that changed. He said not to make a big deal out of all the things incorrect on my PSI just a couple of the wrong things."

The Ninth Circuit has made clear that relief is available under § 2255 "only to defendants who are in custody and claiming the right to be released." *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (*citing United States v. Kramer*, 195 F.3d 1129, 1130 (9th

Cir. 1999)). Thus, a claim challenging a restitution order is not cognizable under § 2255. *Theile*, 314 F.3d at 402. That is so even where, as here, the claim is styled as one challenging the effectiveness of counsel. *See id*. Because petitioner's first ground for relief constitutes a challenge to the restitution amount imposed by the court, the claim is not cognizable in these proceedings.

***2. Failure to Appeal Detention Order***

Petitioner asserts in her second ground for relief that counsel rendered ineffective assistance when he failed to properly advise her with respect to a "pretrial" appeal. (Dkt. No. 1 at 7.) As noted above, after petitioner had entered her guilty plea in this matter, but prior to sentencing, Judge Donohue revoked petitioner's bond and ordered her detained after finding that petitioner had violated the provisions of her bond that precluded her from gambling and that required her to provide Pretrial Services with financial records. (*See* CR08-137-RSM, Dkt. No. 29.) Petitioner contends that she advised her attorney that it was her husband who had been gambling online, but her attorney would not allow petitioner's husband to testify on her behalf. Petitioner further contends that she advised her attorney that the list of pretrial rules provided to her by Judge Donohue did not say "no gambling." Finally, petitioner contends that she asked her attorney what could be done after it was determined that she had violated the conditions of her bond and he indicated there was nothing he could do. Petitioner now argues that counsel's representation to her was not true because counsel could have appealed Judge Donohue's decision.

As the government correctly notes, petitioner received credit against her ultimate sentence for all of the time she spent in pretrial detention. (*See* Dkt. No. 6, Ex. F.) Thus, even

if petitioner's counsel had appealed, and the appeal had been successful, petitioner would simply have ended up serving a greater portion of her 33 month sentence post-sentencing. Given that counsel's failure to appeal the order revoking bond did no affect the total amount of time petitioner will be required to spend in custody, it cannot be said that petitioner suffered any prejudice as a result of counsel's alleged deficient conduct. Accordingly, petitioner's second ineffective assistance of counsel claim should be denied.

***3. Failure to Request a Downward Departure***

Petitioner asserts in her third ground for relief that counsel rendered ineffective assistance when, despite the presence of mitigating factors; specifically, the death of her son and her role as caretaker for her wheelchair bound father, counsel failed to request a downward departure at the time of her sentencing. However, it is abundantly clear from the record that petitioner's counsel did, in fact, request such a departure, or variance.

As noted above, petitioner's advisory sentencing guideline range was 27 to 33 months. Counsel argued at the sentencing hearing, as he had in the sentencing memorandum he prepared and submitted in advance of petitioner's sentencing, that a variance downward from the advisory guideline range to the defense recommended sentence of 18 months was appropriate. (*See* Dkt. No. 6, Ex. E at 9-16; CR08-137-RSM, Dkt. No. 30.) In the sentencing memorandum, counsel specifically detailed petitioner's personal history and emphasized how petitioner's personal tragedies contributed to her gambling addiction which, in turn, contributed to the fraud perpetrated by petitioner. (CR08-137-RSM, Dkt. No. 30.) Petitioner reiterated those points in a letter which she submitted to the court in advance of sentencing. (*See id*., Attachment.) Thus, the factors specifically identified by petitioner in her § 2255 motion, as

well as numerous other factors, were clearly before the Court for consideration in conjunction with counsel's request for the downward variance.

In addition, the record strongly suggests that it was because of counsel's request for a downward variance, and his effective advocacy on petitioner's behalf, that petitioner did not receive a sentence *above* the advisory guideline range. (*See* Dkt. No. 6, Ex. E at 21-25.) Accordingly, petitioner's claim that counsel rendered ineffective assistance when he failed to request a downward departure should be denied.

***4. Failure to Request Credit for Pretrial Release***

Petitioner also asserts in her third ground for relief that counsel rendered ineffective assistance when he failed to request that petitioner receive credit against her sentence for the five and a half months she spent on GPS monitoring while on pretrial release. According to petitioner, this is an issue which counsel told her he would raise.

Pursuant to 18 U.S.C. § 3585(b), a defendant convicted of a federal crime has a right to receive credit for certain time spent in official detention before his or her sentence begins. However, the Supreme Court has made clear that § 3585(b) does not authorize a district court to compute presentence detention credit. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992). Rather, that responsibility falls to the Attorney General after a the defendant has begun to serve his or her sentence. *Id*. As Judge Martinez had no authority to compute the credit at the time of petitioner's sentencing, counsel's failure to request credit cannot be considered deficient performance.[1]

---

[1] The Court notes that petitioner's time spent on GPS monitoring would not, in any event, appear to constitute "official detention" under § 3585(b). *See Fraley v. Bureau of*

To the extent petitioner intends to claim that counsel should have argued at sentencing that the time petitioner spent on GPS monitoring was another factor which warranted a downward variance from the advisory guideline range, nothing in the record suggests that such an argument would have been successful given Judge Martinez' refusal to grant a downward variance on other, arguably more persuasive, grounds and his denial of counsel's request that petitioner be allowed to self-report to her designated facility.

Accordingly, petitioner's claim that counsel rendered ineffective assistance when he failed to request credit against petitioner's sentence for time spent on GPS monitoring should be denied.

***5. Failure to Correct Error in Presentence Report***

Petitioner asserts in her fourth and final ground for relief that counsel rendered ineffective assistance when he failed to correct an alleged error in the PSR regarding the amount of time actually spent in custody on one of three prior first degree theft convictions. At issue in this claim is petitioner's 1989 first degree theft conviction in Snohomish County Superior Court. The PSR indicates that petitioner was sentenced to 9 months in jail for that offense. (Dkt. No. 6, Ex. B at 10.) Petitioner claims that she served only 60 months in jail and 9 months on home confinement. Petitioner suggests that the sentence imposed in this case was somehow related to the amount of time the court believed her to have spent in custody for her previous offense.

While Judge Martinez noted petitioner's prior criminal history, and the similarity of her

---

*Prisons*, 1 F.3d 924, 926 (9th Cir. 1993).

prior offenses to the instant offense, in his remarks at the sentencing hearing, nothing in those remarks suggests that the amount of time imposed for petitioner's prior offenses, or the time actually spent in custody, influenced the sentence imposed in this case. Accordingly, petitioner's claim that counsel rendered ineffective assistance when he failed to correct an alleged error in the PSR should be denied.

## CONCLUSION

For the reasons set forth above, this Court concludes that none of petitioner's ineffective assistance of counsel claims has merit and that petitioner's § 2255 motion should therefore be denied in its entirety. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of June, 2010.

Mary Alice Theiler
United States Magistrate Judge